1

1              THE COURT:  Thank you.

2              Mr. Juan Conce, in consideration of the offense of

3      which you stand convicted, the information from the United

4      States Attorney -- offenses of which you stand convicted,

5      the information from the United States Attorney, your

6      attorney, the probation officer and yourself, this Court

7      sentences you to 262 months in the custody of the United

8      States Attorney General on each of the counts of conviction,

9      the sentence on each count to run concurrent one with the

10     other.

11             The Court places you on supervised release

12     thereafter for a period of eight years.  The Court does not

13     impose a fine solely due to your inability to pay a fine.

14     The Court imposes the $200 special assessment required by

15     the law.

16              The special conditions of your supervised release

17     are that you are prohibited from possessing a firearm or

18     other dangerous weapon.  You're to participate in a program

19     for substance abuse which program may include testing not to

20     exceed 104 drug tests per year to see whether you have

21     reverted to the use of alcohol or drugs.  You're required to

22     contribute to the costs of those services.  If deported

23     you're ordered to leave the United States, not to return

24     without the prior permission of the Secretary of the

25     Department of Homeland Security.  You're to use your true

2

1    name, and you're prohibited from using any aliases or false
2    identifiers.
3            Let me explain the sentence.  It is -- and I
4    certainly didn't add anything to this.  Mr. Hrones has ably
5    argued a legal point on your behalf.  You have every right
6    to appeal from any findings or rulings, and I suggest this
7    business about prior convictions is a ruling, that this
8    Court has made against you.  If your appeal, if you take an
9    appeal and your appeal is successful in whole or in part,
10   unless otherwise directed by the Court of Appeals you will
11   be resentenced before another judge.
12           But I tell you this.  It's just disingenuous, I
13   don't think it's true for you to say you didn't know that
14   you were going to get a sentence in this range.  This range
15   was fully communicated to you.  That doesn't take away from
16   the legal argument that Mr. Hrones makes on your behalf.
17   But we very well knew what the prior convictions were.  I
18   didn't ask you whether you admitted to them.  You did not
19   admit to them.  But I told you I was taking them into
20   account and the range was fully discussed.
21           This is the sentence required by the law and the
22   Court imposes it upon you as a just sentence.
23           You are entitled to credit for this -- well, first,
24   I accept your request and will make the recommendation on
25   the judgment that you serve the sentence at a corrections

3

1   facility in south Florida.  I can only recommend, but I have
2   no hesitancy in so recommending.
3           Moreover, you are entitled to credit from February
4   24th, 2004, towards the service of this sentence.
5           MR. HRONES:  Your Honor, I have one issue.  How
6   come you haven't given an alternative sentence as you did
7   two days ago in the Baez case.
8           THE COURT:  Ah.  Because in the Baez case, and
9   you're quite right to raise it, in the Baez case I came on
10  the bench -- for one thing, it had been fully briefed in
11  both, by both parties, the issue of whether the guidelines
12  were unconstitutional on their face, something I have never
13  held.  And I came on the bench, regretfully, unprepared.
14  And they briefed it and I considered it but I had not had
15  adequate reflection.  So, I, so I gave an alternative
16  sentence.  Some of my colleagues have.
17          Since that time, I have engaged in some reflection,
18  and while I have not written a written opinion, and while
19  it's conceivable I may revisit it, I have read with great
20  care Judge Keeton's opinion in United States v. Sisson where
21  he finds, as I did in United States v. Green, that the
22  United States Sentencing Guidelines are unconstitutional as
23  applied and then goes on to find further that they are
24  severable.
25          Now, a number of my colleagues and indeed other

4

1   courts have held that they're not severable, and therefore
2   there's the belief on the part of those judges that they'll
3   be unconstitutional on their face and it will be a matter of
4   discretion.
5        I hadn't thought that issue through a couple of
6   days ago.  I now have.  In reliance on United States v.
7   Sisson, Judge Keeton's decision, I've decided they're
8   severable.  And therefore, except for the enhancements,
9   which must now be charged, pleaded, proved beyond a
10  reasonable doubt, other than prior convictions, I think that
11  the sentencing procedures are the law of the land.  That's
12  why.
13       I think in view of the United States argument to
14  the Supreme Court in the alternative, I want to say that
15  your raising it even briefly as you have entitles you to
16  raise it before the Court of Appeals as well.  If you're
17  going to argue that they're entirely unconstitutional go
18  ahead.  But I'm not getting into -- Baez, I got in that
19  situation because I was unprepared.  I'm not unprepared
20  today.  If they reverse me, on that argument, that they're
21  all, the whole thing's unconstitutional and it's within my
22  discretion, I'm out of this case unless they direct that I
23  conduct the resentencing.
24       MR. HRONES:  Yes.  And I wondered why you were
25  saying it wouldn't be remanded to you for resentencing.  I

5

```
 1    don't understand that.
 2             THE COURT:  I'll make it very clear.
 3             In a case United States v. Gonczy I imposed a
 4    sentence and was reversed.  I've been reversed before.
 5    Reversal doesn't trouble me in the least.  And indeed, I
 6    endorse everything that was said in the opinion.  When I got
 7    the mandate I was ordered off the case.  And I, I have said
 8    on the record before, that's the most stinging professional
 9    insult and rebuke that I've had in all the time I've been a
10    judge, and it's troubled me enormously.
11             MR. HRONES:  And I agree.  I read the decision and
12    I said it didn't, it didn't mention the mandate.
13             THE COURT:  No.
14             MR. HRONES:  And I said why would he not be still
15    on the case.
16             THE COURT:  Well, the mandate takes me off the
17    case.  But again, I have no trouble recusing myself off the
18    case.  That's a little different.  I did that in United
19    States v. Mills which was a similar situation.  And the
20    truth is, and I say it as straight as I know how, the truth,
21    that order by the Court above me so rankles and disturbs me,
22    and candidly I'm afraid of it happening again, that the
23    only -- and that impairs, it seems to me, my independence in
24    sentencing, and I can't have that, I'm not the judge that I
25    should be.  So now in every case I make this recitation,
```

6

1    that unless they tell me to stay on the case, and of course
2    I obey their orders, if you take an appeal and I'm reversed
3    in whole or in part -- it has nothing to do with this
4    individual.  I'm not indicating --
5            MR. HRONES:  Right.
6            THE COURT:  -- because I don't think I should, nor
7    have I thought it through, what I would do if the guidelines
8    are entirely unconstitutional, though I don't think they
9    are.  This, this is a Gonczy issue.
10           MR. HRONES:  Yes.
11           THE COURT:  I simply want to be free and I believe
12   it is my duty to be free to sentence as fairly and
13   intelligently as I know how without ever looking over my
14   shoulder for what they may do.  And I'm going to do that.
15   And the only protection I have from being ordered off the
16   case again is to say on the record and to make it clear, if
17   they ever should see, look, if you reverse me on this you
18   don't have to order me off the case, I'm taking myself off
19   the case without any further review of the merits.
20           But you are entitled to know.  It has nothing to do
21   with any feelings about this case.
22           MR. HRONES:  Oh, no, I understand that, your Honor.
23           THE COURT:  It's my procedure now following the
24   Gonczy case.
25           MR. HRONES:  Thank you very much, your Honor.

```
                                                                    7


     1             THE COURT:  We'll recess.

     2             MR. LEVITT:  Thank you.

     3             THE CLERK:  All rise.  Court is in recess.

     4             (Whereupon the matter concluded.)

     5

     6

     7

     8

     9

    10

    11

    12

    13

    14

    15

    16

    17

    18

    19

    20

    21

    22

    23

    24

    25
```