UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

_____
                                                    )
United States of America                   )
                                                    )
v.                                                   )          CRIMINAL NO. 04-10049-WGY
                                                    )
Juan Conce                                     )
          Defendant.                           )
_____)

**SENTENCING MEMORANDUM IN LIGHT OF <u>UNITED STATES V. BOOKER</u>**

          Defendant Juan Conce submits this sentencing memorandum to assist the Court in

determining the appropriate sentence for the crimes to which he pled guilty. For the

reasons set forth in detail below, this Court should sentence Mr. Conce to ten years. That

sentence is "sufficient, but not greater than necessary" to comply with the purposes set

forth in 18 U.S.C. § 3553(a)(2). A sentence of ten years reflects the seriousness of the

offense, promotes respect for the law, provides just punishment, affords adequate

deterrence and protects the public from further criminal conduct by Mr. Conce.

Additional incarceration would be greater than what is necessary to accomplish those

goals.

<u>**ARGUMENT**</u>

**1.      The Court Is No Longer Required To Impose A Sentence Derived From
          Calculations Under The United States Sentencing Guidelines.**

          This Court is no longer required to impose a sentence within a specified range

calculated according to the provisions of the United States Sentencing Guidelines. <u>See</u>

<u>United States</u> v. <u>Booker</u>, 543 U.S. 220, 268 (2005). The Supreme Court found that the

Guidelines were unconstitutional because they permitted judges to make fact-findings

that increased sentencing ranges by a preponderance of the evidence. The Court held that

"the Sixth Amendment requires juries, not judges, to find facts relevant to sentencing," and to find such facts beyond a reasonable doubt. <u>Id</u>. at 245. The Court reaffirmed the central holding of <u>Apprendi</u> v. <u>New Jersey</u>, 530 U.S. 466 (2000), and made clear that sentencing enhancements based on judge-made findings of fact by a preponderance of the evidence were no longer valid: "the statutory maximum for <u>Apprendi</u> purposes is the maximum sentence a judge may impose *solely on the basis of the facts reflected in the jury verdict or admitted by the defendant."* <u>Booker</u>, 543 U.S. at 228 (internal quotations and citations omitted).

The Supreme Court, however, further ruled that it could cure the constitutional defect in the Guidelines if it exercised those portions of 18 U.S.C. § 3553 that made the Guidelines calculation the ultimate determinant of the sentence and required district court judges to impose a sentence within the specified range absent grounds for departure: "without this provision – namely the provision that makes 'the relevant sentencing rules mandatory and impose[s] binding requirements on all sentencing judges' – the statute falls outside the scope of <u>Apprendi</u>'s requirement." <u>Id</u>. at 228 The Court declared that § 3553(b)(1), which required a sentence within the range calculated under the Guidelines, was unconstitutional. <u>Id</u>. at 228. It further held that the Guidelines are advisory only and are to be considered along with all of the factors set forth in 18 U.S.C. § 3553. <u>Id</u>.; <u>see also</u> <u>id</u>. at 300. ("[t]rue, judges must still *consider* the sentencing range contained in the Guidelines, but that range is now nothing more than a suggestion that may or may not be persuasive to a judge when weighed against the numerous other considerations listed in 18 U.S.C.A. § 3553(a).") (Scalia, J., dissenting). Moreover, because Justices Rehnquist and O'Connor were in the majority in <u>Booker</u>, the minority opinion may soon become

law, as Justices Roberts and Alito are more likely to align with Scalia, Thomas, and the two other dissenting justices. If this happens, any fact that increases a sentence must be determined by a jury and judicial fact finding, whether mandatory or not, will be prohibited. If the Court does not apply the first part of Booker now, in lieu of the advisory guidelines, defendant lodges his objection.[1]

After the ruling in Booker, the new position taken by the Department of Justice asserts that, while the Guidelines should effectively embody all of the sentencing factors set forth in § 3553, the courts should still essentially continue to presumptively impose Guideline sentences. That assertion does not hold up to the slightest scrutiny and has been directly rejected by a number of courts that have imposed sentences post-Booker. In United States v. Ranum, 353 F. Supp. 2d 984 (E.D.Wis. 2005), Judge Adelman expressly ruled that the Guidelines do not reflect all of the § 3553(a) sentencing factors and in fact directly conflict with, and prohibit courts from considering, many of those factors:

> The directives of Booker and § 3553(a) make clear that courts may no longer uncritically apply the guidelines and, as one court suggested, "only depart…in unusual cases for clearly identified and persuasive reasons." United States v. Wilson, 350 F. Supp. 2d 910, 912 (D. Utah 2005). The approach espoused in Wilson is inconsistent with the holdings of the merits majority in Booker, rejecting mandatory guideline sentences based on judicial fact-finding, and the remedial majority in Booker, directing courts to consider all of the § 3553(a) factors, many of which the guidelines either reject or ignore. For example under § 3553(a)(1) a sentencing court must consider the "history and characteristics of the defendant." But under the guidelines, courts are generally forbidden to consider the defendant's age, U.S.S.G. § 5H1.1, his education and vocational skills, § 5H1.2, his mental and emotional condition, § 5H1.3,

---

[1] The defendant also contends that the Court erred in sentencing the defendant as a career offender because the fact of prior conviction was not admitted by the defendant nor submitted to a jury and proven beyond a reasonable doubt. See Sheppard v. United States, 544 U.S. 13, 125 S. Ct. 1254, 1264 (2005) (Thomas, J., Concurring). There is a high probability that, based on the new layout of the Supreme Court, the prior conviction exception in Apprendi will be overturned at some point.

> his physical condition including drug or alcohol dependence, § 5H1.4, his
> employment record, §5H1.5, his family ties and responsibilities, § 5H1.6,
> his socioeconomic status, § 5H1.10, his civic and military contributions, §
> 5H1.11, and his lack of guidance as a youth, § 5H1.12. The guidelines'
> prohibition of considering these factors cannot be squared with the §
> 3553(a)(1) requirement that the court evaluate the "history with
> characteristics" of the defendant. The only aspect of a defendant's history
> that the guidelines permit courts to consider is criminal history. Thus, in
> cases in which a defendant's history and character are positive,
> consideration of all of the § 3553(a) factors might call for a sentence
> outside the guideline range.

Ranum, 353 F. Supp. 2d at 986; see also United States v. West, 383 F. Supp. 2d 517

(S.D.N.Y. 2005) (rejecting view espoused in Wilson and United States v. Barkley, 369 F.

Supp. 2d 1309 (N.D.Okla. 2005), that the Guidelines should remain the "dominant or

even determinative factor" in sentencing analysis and holding that "[u]nder 18 U.S.C. §

3553(a), however, the sentencing court is required to consider a host of individual

variables and characteristics excluded from those calculations called for by the

Guidelines"); see also United States v. Jaber, 362 F. Supp. 2d 365, 383 (D. Mass. 2005)

(same).

Judge Adelman acknowledged in Ranum that sentencing courts must "seriously

consider the guidelines" and should "provide an explanation for their decision" to

sentence outside of the advisory guideline range. Ranum, 353 F. Supp. 2d at 986-987.

But Judge Adelman made clear that "Booker is not an invitation to do business as usual,"

that "courts should not follow the old 'departure' methodology" and that the Supreme

Court's directive to sentence based on all the factors identified in § 3553 means exactly

what it says:

> The guidelines are not binding, and courts need not justify a sentence
> outside of them by citing factors that take the case outside the "heartland."
> Rather, courts are free to disagree, in individual cases and in the exercise

> of discretion, with the actual range proposed by the guidelines, so long as
> the ultimate sentence is reasonable and carefully supported by reasons tied
> to the § 3553(a) factors.

Ranum, 353 F. Supp. 2d at 986; see also United States v. Jones, 352 F. Supp. 2d 22, 26

(D. Me. 2005) (imposing sentence below advisory Guideline range based on factors set

forth in 18 U.S.C. § 3553(a) even though there was no ground for departure under pre-

Booker mandatory Guideline scheme).

In United States v. Myers, 353 F. Supp. 2d 1026 (D. Iowa 2005), Judge Pratt also

rejected the court's approach in Wilson as inconsistent with the holdings of Booker and

adopted Judge Adelman's reasoning in Ranum:

> Judge Adelman concluded that the Guidelines are not presumptive [as
> Judge Cassel had determined in Wilson], but advisory, and should be
> treated as one factor to be considered in conjunction with other factors that
> Congress enumerated in section 3553(a). This Court adopts Judge
> Adelman's view. To treat the Guidelines as presumptive is to concede the
> converse, i.e., that any sentence imposed outside the Guideline range
> would be presumptively unreasonable in the absence of clearly identified
> reasons. If presumptive, the Guidelines would continue to overshadow the
> other factors listed in section 3553(a), causing an imbalance in the
> application of the statute to a particular defendant by making the
> Guidelines, in effect, still mandatory.

Myers, 353 F. Supp. 2d at 1028. Like Judge Adelman, Judge Pratt recognized that a

sentencing court must seriously consider and give due regard to the collective wisdom

embodied in the Guidelines. Id. Judge Pratt noted, however, that the Guidelines are not

the sole repository of collective sentencing wisdom and that each of the sentencing

factors set forth in  § 3553(a) stand on the same footing after Booker:

> In citing Ranum, this Court does not mean to be unduly harsh about the
> wisdom contained in the Guidelines, for wisdom is there. Wisdom,
> however also resides in the other statutory sentencing factors, but was not
> allowed expression under the former mandatory scheme. Each of the
> factors enumerated under § 3553(a) is, in reality, an expression of our
> society's multiple interests in sentencing an individual.

<u>Myers</u>, 353 F. Supp. 2d at 1028.

Acknowledging that sentencing factors are "constantly in conflict," Judge Pratt explained that a sentencing court must "evaluate all the interests, as represented by the statutory factors, through careful and patient attention to all parties involved." <u>Id</u>. Judge Adelman reached a similar conclusion in <u>Ranum</u>: "[s]entencing will be harder now than it was a few months ago. District courts cannot just add up figures and pick a number within a narrow range. Rather, they must consider all of the applicable factors, listen carefully to defense and government counsel, and sentence the person before them as an individual." <u>Ranum</u>, 353 F. Supp. 2d at 987. In this respect, <u>Booker</u> is "an invitation, not to unmoored decision making, but to the type of careful analysis of the evidence that *should* be considered when depriving a person of his or her liberty." <u>Myers</u>, 353 F. Supp. 2d at 1029.

**2.    The Court Is Now Required To Impose A Sentence Sufficient But Not Greater Than Necessary To Comply With The Purposes Set Forth In 18 U.S.C. § 3553(a)(2).**

After <u>Booker</u>, the most important consideration in sentencing is imposing a sentence that is sufficient, but not greater than necessary to comply with the purposes of 18 U.S.C. § 3553(a). <u>Myers</u>, 353 F. Supp. 2d at 1030. 18 U.S.C. § 3553(a) provides in relevant part:

> **(a) Factors to be considered in imposing a sentence.** The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed shall consider.
>> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>>
>> **(2)** the need for the sentence imposed –

**(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;

**(B)** to afford adequate deterrence to criminal conduct;

**(C)** to protect the public from further crimes of the defendant; and

**(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

**(3)** the kinds of sentences available

**(4)** the kinds of sentence and the sentencing range established for –

**(A)** the applicable category of offense committed by the applicable category of defendant as set forth in the [United States Sentencing G]uidelines –

. . .

**(5)** any pertinent policy statement –
**(A)** issued by the Sentencing Commission

. . .

**(6)** the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and

**(7)** the need to provide restitution to any victims of the offense.

18 U.S.C. § 3553(a). Accordingly, when the Court examines all of the criteria set forth above, it should determine that a sentence of ten years is "sufficient, but not greater than necessary" to obtain the sentencing objectives articulated in § 3553(a).

**3.      A Sentence Of Ten Years Is Appropriate Given The Nature And Circumstances Of The Offense, The History And Characteristics Of The Defendant, And Its Deterrent Effect.**

Mr. Conce pleaded guilty to conspiring to possess with intent to distribute eleven grams of cocaine base, in violation of 21 U.S.C. § 846, distributing eleven grams of

cocaine base, in violation of 21 U.S.C. § 846(a)(1) and aiding and abetting, in violation of 18 U.S.C. § 2. Mr. Conce's indictment did not allege prior convictions. At the plea hearing, the defendant argued that the government was required to prove the prior convictions by an evidentiary showing rather than relying simply on copies of the state court records. Nevertheless, the defendant was deemed to be a Career Offender, which raised his sentence nearly twelve years. To sentence a person to nearly twelve additional years based solely on two minor drug convictions is fundamentally unfair.

"The Career Offender provision provides no mechanism for evaluating the relative seriousness of the underlying prior convictions. Instead of reducing unwarranted sentencing disparities, such a mechanical approach ends up creating additional disparities because this Guideline instructs courts to substitute an artificial offense level and criminal history in place of each individual defendant's precise characteristics." United States v. Moreland, 366 F. Supp. 2d 416, 424 (S.D.W.Va. 2005) (imposing non-Guidelines sentence on defendant convicted of crack-related offense, in light of excessive sentence recommended by Career Offender provisions of Guidelines). Mr. Conce deserves to be looked at justly and sentenced based on what he has pled guilty to in this case. To take judicial notice of two prior convictions of a relatively minor nature and subsequently raise his sentence twelve years would be excessive under any interpretation of the law.

The Moreland court stated:

[w]e fool ourselves by thinking that a Sentencing Guideline regime that carefully cabins offenses into little boxes of discrete and small ranges of sentencing is sufficient to achieve uniformity of treatment, or by thinking that uniformity of treatment is necessarily desirable. The Career Offender provisions of the Guidelines, as applied to this case, perfectly exhibit the shallowness of a presumptively reasonable Guideline approach.

<u>Id</u>. So too in this case one can see how the Career Offender provisions have skewed the ability of the prior courts to look at this defendant reasonably.

In <u>United States</u> v. <u>MacKinnon</u>, 401 F.3d 8, 9 (1st Cir. 2005), the First Circuit vacated and remanded based on <u>Booker</u> because it was clear that at the time of sentencing, the Court felt bound to the Guidelines. In this case, the Court felt similarly bound by the Guidelines. <u>See</u> Sentencing Hearing, October 28, 2004, p. 10. In <u>MacKinnon</u>, the defendant pled guilty to one count of drug trafficking, but he was determined to be a Career Offender and his offense level was increased to a level 34 with a Criminal History Category of VI, which is the same offense level and Criminal History Category that Mr. Conce fell under because of the Career Offender provisions. <u>Id</u>. MacKinnon was sentenced on the lowest end of his sentencing range, 262 months, however the Court made it clear that it viewed his sentence as "obscene." <u>Id</u>. at 10. Mr. Conce's sentence is similarly obscene, and now this Court has a chance to rectify that because of the discretion afforded under <u>Booker</u>.

In <u>United States</u> v. <u>Biheiri</u>, 356 F. Supp. 2d 589, 594 n.7 (E.D.Va. 2005), the court said that: "a sentencing judge may consider that in light of the other § 3553 factors, the Sentencing Guidelines range is inappropriate because that range is based on . . . inapposite policy judgments of the Sentencing Commission, such as the severity of the crack cocaine sentencing ranges." While there is still some dispute about the legitimacy of a 100:1 disparity in a sentence for crack versus cocaine, when mixed with the Career Offender increase that Mr. Conce also received, it is clear that multiple injustices that result from political and social bias have increased Mr. Conce's sentence to a range much higher than it would have been otherwise. Clearly the 100:1 disparity is a biased policy

aimed at the lower classes in society. However, the First Circuit has ruled that a sentence

may not be altered based on the fundamental unfairness of the 100:1 ratio. United States

v. Pho, 433 F.3d 53, 62 (1st Cir. 2006). It found that the 100:1 ratio was a policy

statement of Congress. Id. It did not, however, rule on the reasonableness of a sentence

when the 100:1 cocaine base ratio is only one consideration among other relevant factors.

Id. at 64. The Pho decision shows a markedly different interpretation of the Guidelines

than United States v. Fisher, 2005 U.S. Dist. LEXIS 23184 (S.D.N.Y. October 11, 2005).

In Fisher, Judge Scheindlin held that the 100:1 ratio cannot be valid because the

Guidelines are not an act of Congress:

> Congress implemented its decision to punish crack cocaine dealers more
> severely than powder cocaine dealers by imposing the same mandatory
> minimum terms for much smaller quantities of crack than powder cocaine.
> I recognize that the will of Congress must be obeyed. Accordingly, this
> Court would not and has not ignored Congress and imposed a sentence
> below the required statutory mandatory minimum term. However, the
> argument that courts must adhere to the 100:1 ratio in setting offense
> levels under the Guidelines suffers from a single, fatal flaw. Both the
> Government and the Tabor court have failed to recognize that the
> Guidelines are not an act of Congress. Furthermore, they are no longer
> mandatory according to the Supreme Court's decision in Booker.

Id. at *27.

Similar logic can be found in United States v. Leroy, 373 F. Supp. 2d 887 (2005).

In Leroy, Judge Adelman "rejected the government's argument that [she] could not

consider the disparity in penalties created by the guidelines." Id. at 896. The Sentencing

Guidelines are not mandatory, they are merely advisory. To impose a 100:1 sentence

without adequately addressing its appropriateness would be denying Mr. Conce his rights

as defined by Booker. In United States v. Perry, 389 F. Supp. 2d 278, 307 (D.R.I. 2005),

the court held that to enforce the 100:1 ratio solely because it is in the Guidelines would

ignore the directives of <u>Booker</u>:

> [t]he growing sentiment in the district courts is clear: the advisory
> Guideline range for crack cocaine based on the 100:1 ratio cannot
> withstand the scrutiny imposed by sentencing courts when the § 3553
> factors are applied. This Court, too, will not blindly apply the Guideline
> range, for to do so would be to disregard the Supreme Court's directive in
> Booker/Fanfan to fashion a reasonable sentence in light of the § 3553(a)
> factors."

Mr. Conce requests a sentence that is not based on the blind application of the

Guidelines, prescribed on a vast class of individuals, without considering the § 3553

factors that help individualize sentences. When the Sentencing Guidelines became

advisory rather than compulsory, so too did the Congressional policies that went along

with their creation.

　　　As Mr. Conce pled guilty to his indictment, he does not deny he has done wrong.

But the system of justice has made the penalty not fit the crime. The sentence that Mr.

Conce is serving is unjust because of relatively minor drug convictions in the state court

that raised his sentence nearly twelve years. Even those convicted of second degree

murder receive lesser sentences in many states. In Massachusetts, for example, a

conviction of second degree murder carries a sentence of only fifteen years before the

defendant is eligible for parole. ALM GL Ch. 265, § 2.

　　　Mr. Conce is now twenty-nine years of age and serving a sentence of 262 months

in prison with eight years of supervised release. At his sentencing, this Court made it

clear that it viewed the Sentencing Guidelines as mandatory: "I'm going to follow my

usual procedure, and that is tentatively to calculate the sentence under the United States

sentencing procedures." <u>See</u> Sentencing Hearing at 3. Even though his agreed upon base

offense level was 23, which would carry a sentence of 92-115 months, Mr. Conce was

given a sentence of 262 months because it was determined that he was a Career Offender. Id. The lone factor that this Court is bound to while re-sentencing Mr. Conce is the statutory minimum that is required because the government filed a notice of prior conviction under 21 U.S.C. § 851.[2] Outside of that ten-year mandatory sentence, this Court has the discretion to look at other factors in sentencing. Because of the reasons listed below, this Court should view Mr. Conce not only as a criminal who made some poor decisions, but as a person who has a great deal to contribute to his family and to society.

Growing up, Mr. Conce was initially in a household where his parents were often fighting and his father was drinking heavily. His father left the family when Mr. Conce was young, and they have had little communication since. For the majority of Mr. Conce's childhood his mother was his sole caregiver and she often used physical abuse as a way to rear her children. Driven away by his mother's dating habits, Mr. Conce found himself on the streets at an early age. By the time that he was a teenager, he began down a long and troubled road towards the situation that he is in now. Even still, Mr. Conce was a caretaker in his house, looking after his younger siblings and working as early as age ten. Mr. Conce dropped out of high school, but earned his G.E.D. in 1999.

Mr. Conce has a common law wife, Theresa Fernandez, with whom he has a young boy, Shyne. At the time of his arrest, Mr. Conce had moved in with Ms. Fernandez and was helping care for both their child and her two other children, whose fathers were not active in their lives. They had opened a joint checking account together and Ms.

---

[2] To preserve the issue should the law change in the future, Mr. Conce hereby objects to the implementation of the § 851 enhancement because it results in an increased sentence based on facts which were not proven to the jury beyond a reasonable doubt nor admitted by the defendant. See Sheppard, 25 S. Ct. at 1264.

Fernandez had even helped Mr. Conce enroll in a real estate class so that he could achieve his dream of having a legitimate career that would provide for his family and keep him out of trouble. In fact, Mr. Conce and Ms. Fernandez were planning to move to South Florida so that they could be near to her family and he could find steady work as he studied to become a real estate agent. Mr. Conce also remains close to his mother who continues to have an active role in his life and he hopes to be able to show her the changes that he has made since his incarceration so that he can begin to show her the appreciation that she deserves for standing at his side through this process.

Mr. Conce knows that getting arrested and going to jail was necessary for him to turn his life around. However, now that the Sentencing Guidelines are advisory, this Court can ask itself whether Mr. Conce deserves a sentence of 262 months. Mr. Conce's sentence cannot be lower than ten years, but there is now the discretion to lower it below the 262 months that it is at currently. Mr. Conce's common law wife is the mother of his child and her devotion and commitment to family has been an inspiration to Mr. Conce, which has been a large factor in his plan to straighten out his life. Regardless of the sympathy shown to Mr. Conce, he will, at the very least, be serving a ten-year sentence in prison. This Court needs to ask itself if Mr. Conce truly needs more than ten years to rehabilitate himself, or if after ten years, he will be able to care for his child and serve as an asset to society rather than a liability. What are the lessons that he will learn? What could society really hope to gain by keeping Mr. Conce in jail for longer than ten years? Wouldn't it benefit society to have Mr. Conce return to his family and help his son through his formative years before he is too old to be a good father? For these reasons, this Court should do what it is allowed to do, impose a fair sentence of ten years. A ten-

year sentence would certainly be a strong deterrence to others who are selling dangerous drugs.

## **CONCLUSION**

Mr. Conce's sentence should be reduced because mandatory career offender guidelines grossly distort any notion of a fair sentence. The new interpretation of the importance of 18 U.S.C. § 3553 supports a ten-year sentence.

Respectfully Submitted,
Juan Conce
By his attorney,

//s// Stephen Hrones
Stephen Hrones
BBO No. 242860
Hrones, Garrity & Hedges
Lewis Wharf – Bay 232
Boston, MA 02110-3927
T) 617-227-4019

## **CERTIFICATE OF SERVICE**

I, Michael Tumposky, herby certify that, on this the 17th day of February, 2006, I have caused to be served a copy of this document, where unable to do so electronically, by first-class mail on all counsel of record in this matter.

//s// Michael Tumposky
Michael Tumposky