```
                  UNITED STATES DISTRICT COURT
                   DISTRICT OF MASSACHUSETTS

UNITED STATES OF AMERICA )
                         )
    v.                   )      04-CR-10049-WGY
                         )
JUAN CONCE,              )
    Defendant.           )
```

SENTENCING MEMORANDUM OF THE UNITED STATES

On June 27, 2004, the defendant pled guilty to the two counts of the Indictment in this case, charging him with conspiracy to distribute cocaine base, also known as "crack cocaine", and distribution of crack cocaine. On October 28, 2004, the defendant was sentenced by this Court to a term of imprisonment of 262 months, to be followed by six years of supervised release. The defendant appealed his sentence. The government assented to a remand for re-sentencing in the case in light of United States v. Booker, 125 S.Ct. 738 (2005). This memorandum is submitted to aid the Court in sentencing the defendant.[1]

The Presentence Report ("PSR") prepared by the United States Probation Office, dated August 17, 2004 (and the addendum dated October 13, 2004), correctly set forth the sentencing guideline range as 262 to 327 months, based on an adjusted offense level of

---

[1] Unlike many cases in which the government has agreed to a remand in light of Booker, this is not a case where the District Court expressed any hesitation about the sentence involved or indicated that it, for example, had "no choice" but to sentence the defendant within the guidelines. To the contrary, the District Court expressed no hesitancy about sentencing the defendant to a term of incarceration of 262 months.

34 and a Criminal History Category of VI.  The sentencing guideline range, as properly noted in the PSR, is based on (1) the drug weight (11 grams of crack cocaine) and (2) the defendant's status as a career offender, within the meaning of U.S.S.G. § 4B1.1, based on the defendant's two prior drug trafficking convictions.  Finally, the PSR properly noted that the government filed an Information in this case, pursuant to 21 U.S.C. § 851, and that the defendant is therefore also subject to a 10 year mandatory minimum sentence.

At the October 28, 2004, sentencing hearing, this Court found that the defendant's Total Offense Level was 34, that his Criminal History Category was VI, and that his Guideline Sentencing Range was therefore 262 to 327 months.  The Court, consistent with the government's recommendation, sentenced the defendant to 262 months, representing the low end of the guideline range.  On re-sentencing, for the reasons stated below, the government again recommends that the Court sentence the defendant to a term of incarceration of 262 months, representing the low end of the guideline range.

    A.    **<u>BACKGROUND</u>**

The PSR accurately describes the facts underlying the convictions in this case, which, for convenience, are briefly summarized here.

This case arose from an eighteen-month investigation by the Federal Bureau of Investigation's ("the FBI's") North Shore Gang Task Force into drug trafficking and other suspected criminal behavior in the Lawrence and Lowell, Massachusetts area by members and associates of the Almighty Latin King Nation ("Latin Kings"). Over the course of the investigation, cooperating witnesses ("CW's") working for the FBI made approximately 30 purchases of heroin, cocaine and cocaine base from members and associates of the Latin Kings. All of the purchases (and most of the conversations and negotiations leading up to the purchases) were consensually recorded. Most of the deals also took place in a car equipped with audio and video equipment. The CW's also wore transmitters during most of the purchases. The transmitters enabled law enforcement agents to listen to conversations as they took place.

The investigation also disclosed substantial amounts of information regarding the organization and structure of the Latin Kings. The Massachusetts Chapter of the Latin Kings is a street gang with hundreds of members in Lawrence, Lowell and other cities. The Latin Kings operate local chapters throughout the state including chapters inside many correctional facilities. Many members of the gang are involved in a broad range of illegal activities including drug trafficking and crimes of violence undertaken in furtherance of protecting the interests of the gang

and its members. The defendant was identified during the course of the investigation as one of the leaders of the Latin Kings in Lawrence. More information regarding the Latin Kings, and the defendant's role int eh organization, is set forth in the detention affidavit filed in connection with this case. See Dkt. 6.

On April 17, 2003, in connection with the Latin King investigation, a CW working with the FBI made a hand-to-hand purchase of 11 grams of cocaine base, also known as "crack cocaine" from the defendant. The sale, which is accurately described in the PSR, was surveilled by law enforcement agents and recorded on audio and video tape.

### B. THE CAREER OFFENDER PROVISION OF THE GUIDELINES

The sentencing range in this case is largely driven by the defendant's two prior drug trafficking convictions (as well as the undisputed drug weight in this case) and his consequent (undisputed) classification as a career offender under the United States Sentencing Guidelines. See U.S.S.G. § 4B1.1. The defendant asks this Court to ignore his two prior drug trafficking convictions, and his classification as a career offender under the Guidelines, and sentence him to the statutory, mandatory minimum sentence of 10 years. See Deft's Sentencing

Memorandum. This result is neither mandated by <u>Booker</u> nor warranted in light of 28 U.S.C. § 994 (the statutory "career offender" provision), U.S.S.G. §4B1.1 (the Guidelines "career offender provision", and 18 U.S.C. § 3553.

The career offender provision of the Guidelines is unique and should be accorded particularly heavy weight by sentencing courts. The Sentencing Commission promulgated the career offender provision pursuant to a clear and specific Congressional policy declaration which was embodied in statute. In 28 U.S.C. § 994, entitled "Duties of the Commission", Congress directed the Commission to create a guidelines provision that would ensure that a certain, defined category of repeat offenders (so called "career offenders") would be sentenced to a term of imprisonment at or near the maximum term authorized.

Section 994 directed the Commission as follows:

(h) The Commission shall assure that the guidelines specify a sentence to a term of imprisonment at or near the maximum term authorized for categories of defendants in which the defendant is eighteen years old or older and--

    (1) has been convicted of a felony that is--

        (A) a crime of violence; or

        (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.); and

>    (2) has previously been convicted of two or more prior felonies, each of which is-
>
>       (A) a crime of violence; or
>
>       (B) an offense described in section 401 of the Controlled Substances Act (21 U.S.C. 841), sections 1002(a), 1005, and 1009 of the Controlled Substances Import and Export Act (21 U.S.C. 952(a), 955, and 959), and the Maritime Drug Law Enforcement Act (46 U.S.C. App. 1901 et seq.).

28 U.S.C. § 994(h).

In light of this clear Congressional directive, the Sentencing Commission promulgated the career offender provision of the guidelines -- U.S.S.G. §4B1.1, which essentially mirrors 28 U.S.C. § 994(h). There can be little doubt that the defendant is precisely the type of offender that Congress and the Commission had in mind when promulgating the career offender provisions of § 994(h) and § 4B1.1.

Neither of the defendant's prior, predicate convictions are the type of convictions that defense counsel often characterize at sentencing hearings as "borderline" career offender conviction (such as a 10 year old assault and battery conviction stemming from a domestic situation). Rather, they are *core* predicate convictions, both for drug trafficking -- the same crime for which the defendant has pled guilty in this case (making this his third drug trafficking conviction at the age of 26). Moreover, the defendant served a two-year prison sentence with respect to one of those prior convictions, demonstrating that he has not

6

learned anything from an actual prison sentence.

Based on these considerations, this Court should accord particularly heavy weight to the guideline sentencing range in this case (262 to 327 months) because it is based so clearly on both the Congressional and Commission view that career offenders should be sentenced to a term of imprisonment at or near the maximum allowable and because Conce falls squarely within the definition of career offender contemplated by Congress and the Commission.

For the same reasons that the career offender provision is so applicable in this case, the factors listed in 18 U.S.C. § 3553 also support a sentence within the guideline range.  In particular, a sentence of 262 months reflects the seriousness of the offense in this case (selling crack cocain after two prior drug trafficking convictions); the history and characteristics of the defendant (two prior drug trafficking convictions); promotes respect for the law (i.e., that at some point, when a defendant continues to peddle drugs, notwithstanding two prior drug convictions and a prior two-year sentence, it is necessary to remove the defendant from society for a lengthy period); and will provide deterrence and protect the public from further crimes of the defendant.

In short, this is a case where the collective wisdom of Congress and the Sentencing Commission in promulgating the career

offender provision reaches the correct and just result, and there is no reason to deviate from that result.  For the foregoing reasons, the government recommends that the Court sentence the defendant to a term of imprisonment of 262 months.

## CONCLUSION

For the foregoing reasons, and those set forth in the PSR, the government recommends that the Court sentence the defendant to a term of incarceration of 262 months, representing the low end of the guideline sentencing range.

Respectfully submitted,

MICHAEL J. SULLIVAN
United States Attorney,


By:  s/ PETER K. LEVITT
     PETER K. LEVITT
     Assistant U.S. Attorney
     One Courthouse Way
     Boston, MA 02210
     (617)748-3355

February 22, 2006