# United States Court of Appeals
## For the First Circuit

No. 06-1543

UNITED STATES,

Appellee,

v.

JUAN CONCE,

Defendant, Appellant.

---

Before

Lynch, <u>Circuit Judge</u>,
Campbell, <u>Senior Circuit Judge</u>,
and Lipez, <u>Circuit Judge</u>.

---

JUDGMENT

Entered: November 8, 2006

Defendant-appellant Juan Conce pled guilty to selling crack cocaine. His original sentence under the mandatory regime of the United States Sentencing Guidelines was vacated following the decision <u>United States v. Booker</u>, 543 U.S. 220 (2005). On remand, the United States District Court for the District of Massachusetts imposed the same sentence of 262 months' imprisonment, which was at the bottom of the now-advisory guideline range applicable to Conce as a career offender. Conce appeals once more, contending that the sentence is unreasonably high.

Conce's primary argument is that the district court gave excessive weight to the career offender provision of the sentencing guidelines in setting his term of imprisonment. U.S.S.G. § 4B1.1. The government urged the district court to "lend particular weight to the career offender designation ... because it was specifically mandated by Congress...." At the time it imposed sentence, the district court said it was "entirely adopting the argument" of the government in weighing "the strong advice of Congress" on sentencing career offenders.

The guidelines remain an important consideration in sentencing, and they may be given substantial (but not controlling) weight by the sentencing court. This principle applies with equal force to the career offender guideline provisions, which reflect congressional intent that career offenders be sentenced to prison

terms at or near the statutory maximums. See United States v. Jimenez-Beltre, 440 F.3d 514, 518-519 (1st Cir. 2006)(en banc); United States v. Caraballo, 447 F.3d 26, 27-28 (1st Cir. 2006). Nevertheless, we have serious reservations about the government's argument to the district court that U.S.S.G. § 4B1.1 should be given "particular weight." Such an argument might invite overemphasis on a single guideline provision. However, we need not resolve this issue here because the district court was not misled into imposing an unreasonable sentence. The defendant did not adduce mitigating reasons of a type to render a sentence within the guideline range excessive, and the sentence imposed was within the bounds of reasonableness. See United States v. Navedo-Concepcion, 450 F.3d 54, 59 (1st Cir. 2006).

Conce's claim to a more lenient sentence was based entirely on his "mitigating personal circumstances," but these circumstances, detailed in his presentence report, are, unfortunately, all too common. Conce grew up poor in a broken family and lived in substandard public housing for several years. He succumbed to the temptations of marijuana and alcohol at a relatively young age. He has a short and spotty work history, but this marks the third occasion on which he was convicted of cocaine dealing. Conce's personal history does not undercut the reasonableness of the sentence imposed.

Conce also invokes the 'parsimony' clause of 18 U.S.C. § 3553(a)("The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth" in the statute.) This provision, however, does not operate to require that the maximum tolerable forbearance be shown to each defendant. See United States v. Navedo-Concepcion, 450 F.3d 54 at 58 (1st Cir. 2006).

The judgment of the district court is AFFIRMED.

Certified and Issued as Mandate under Fed. R. App. P. 41.

Richard Cushing Donovan, Clerk

Deputy Clerk

Date: 11/29/06

By the Court:

Richard Cushing Donovan, Clerk.

**MARGARET CARTER**

By:_____
Margaret Carter, Chief Deputy Clerk

[cc: Peter K. Levitt, AUSA, Jennifer H. Zacks, AUSA, Dina Michael Chaitowitz, AUSA, James Michael Fox, Esq.]