UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | Criminal No. 04-10049-WGY |
| v. | ) | |
| | ) | |
| JUAN CONCE, | ) | |
| Defendant. | ) | |

MOTION FOR MODIFICATION OF IMPOSED TERM OF IMPRISONMENT

PURSUANT TO TITLE 18 U.S.C. SECTION 3582(c)(2)

NOW COMES Defendant Juan Conce (hereinafter "Conce"), acting pro se, and moves this Honorable Court, pursuant to 18 U.S.C. § 3582(c)(2), to modify his term of imprisonment based on Amendment 706 to the United States Sentencing Guidelines.

I.

Background

On February 19, 2004, a federal grand jury returned a two-count indictment, charging Conce with Conspiracy to Distribute Cocaine Base, in violation of 21 U.S.C. § 846 (Count One); and Distribution of Cocaine Base, in violation of 21 U.S.C. § 841(a)(1) (Count Two). On June 17, 2004, at a change of plea hearing, Conce pleaded guilty to both counts of the indictment. On October 28, 2004, this Court sentenced Conce to 262 months' imprisonment, to be followed by eight years' supervised release.

Conce appealed to the United States Court of Appeals and filed an assented-to motion for a remand for resentencing in light of United States v. Booker, 543 U.S. 220 (2005). On November 10, 2005, the Court of Appeals entered judgment, affirming Conce's conviction, vacating his sentence, and remanding the case for resentencing. United States v. Conce, No. 04-2516 (1st Cir. Nov. 10, 2005). On remand, this Court imposed the same sentence as initially imposed. (See Doc. 37). Once again  Conce appealed to the First Circuit; however, this time the judgment of this Court was affirmed. United States v. Conce, No. 1543 (1st Cir. 2006). Conce currently has a Section 2255 motion pending before this Court.

II.

Discussion

Title 18 U.S.C. § 3582(c)(2) provides:

**(c) Modification of an imposed term of imprisonment.—**
The court may not modify a term of imprisonment once it has been imposed except that—
(2) in the case of a defendant who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 28 U.S.C. 994(o), upon motion of the defendant or the Director of the Bureau of Prisons, or on its own motion, the court may reduce the term of imprisonment , after considering the factors set forth in section 3553(a) to the extent that they are applicable, if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(2) (West 2006).  In turn, the relevant part of of Amendment 706 to the United States Sentencing Guidelines

2

(hereinafter "Guidelines") states:

> **706. Amendment:**
>
>> Section 2D1.1(c)(7) is amended by striking
>> "At least 5 G but less than 20 G of Cocaine
>> Base" and inserting "At least 20 G but less
>> than 35 G of Cocaine Base".
>>
>> Section 2D1.1(c)(8) is amended by striking
>> "At least 4 G but less than 5 G of Cocaine
>> Base" and inserting "At least 5 G but less
>> than 20 G of Cocaine Base".

Guidelines, Supplement to Appendix C, November 1, 2007. The Amend-
ment essentially lowers the Guidelines range for crack cocaine
offences by two levels. In the case at bar, the offense involved
11 grams of cocaine base, which, prior to the Amendment, produced
a base offence level ("BOL") of 26. Post-Amendment, that amount of
cocaine base produces a BOL of 24. There can be no doubt, then,
that the sentencing range applicable in the case sub judice has
been lowered by the Sentencing Commission pursuant to 28 U.S.C. §
994(o) and thus the matter is eligible for § 3582 review.

Unfortunately, however, this case is slightly more nuanced
than the average, run-of-the-mill § 3582 case. This is true because
Conce was sentenced — and resentenced,as it were — under the career
offender provision of the Guidelines (§ 4B1.1) and not under the
applicable drug quantity provision (§ 2D1.1). This fact, Conce sub-
mits, does not undermine the Court's § 3582 jurisdiction, but it
might demand a heightened showing by Conce that the crack amendment
is directly relevant to his case before this Court chooses to
exercise its discretion. This Conce is prepared to do.

3

The main thrust of Conce's argument is simple: Because Conce's
sentence was directly driven by his involvement with cocaine base,
both with respect to the instant offense and with respect with one
of his predicate offenses, and because it is now the majority
consensus of the Sentencing Commission, Congress, the United States
Supreme Court, the lower courts, the medical profession, and the
informed public that crack cocaine offenses have been being punished
too harshly and too unfairly, Conce's sentence should be modified
to reflect this modified view of cocaine base offenses.  Indeed,
Amendment 706 provides this Court the opportunity to correct a
fundamental unfairness and resentence Conce to a term of imprison-
ment more consonant with the shifting federal sentencing policy
relevant to cocaine base.  Concerning sentencing policy, the
Sentencing Commission, in its Reasons for Amendment [706], stated:

> Current data and information continue to support the
> Commission's consistently held position that the 100-
> to-1 drug quantity ratio significantly undermines
> various congressional objectives setforth in the Sen-
> tencing Reform Act and elsewhere.  These findings
> will be more thoroughly explained in a forthcoming
> report that will present to Congress, on or before
> May 15, 2007, a number of recommendations for modifi-
> cations to the statutory penalties for crack cocaine
> offenses.  It is the Commission's firm desire that
> this report will facilitate prompt congressional
> action addressing the 100-to-1 drug quantity ratio.
>
> The Commission's recommendation and strong desire for
> prompt legislative action notwithstanding, the prob-
> lems associated with the 100-to-1 drug quantity ratio
> are so urgent and compelling that this amendment is
> promulgated as an interim measure to alleviate some
> of those problems.

Guidelines, Supplement to Appendix C.  One of the "urgent and

4

compelling" problems the Commission refers to undoubtedly is the
situation in which a young person is sentenced to 22+ years in
prison for selling a quantity of cocaine base weighing less than
a candy bar.  For actual time in prison, Conce would have been
better off selling 11 grams of weapons-grade uranium than selling
11 grams of crack cocaine.  But the tides are changing; in fact
they have changed.  Amendment 706 gives voice to that change.

    Another compelling reason for this Court to exercise its
discretion in this case is the Supreme Court's recent landmark
decision in Kimbrough v. United States, 552 U.S. ___ (2007).  In
Kimbrough, the Court stated:

> We hold that, under Booker, the cocaine Guidelines, like
> all other Guidelines, are advisory only, and that the
> Court of Appeals erred in holding the crack/powder dis-
> parity effectively mandatory.  A district judge must
> include the Guidelines range in the array of factors
> warranting consideration.  The judge may determine, how-
> ever, that, in a particular case, a within-Guidelines
> sentence is "greater than necessary" to serve the objec-
> tives of sentencing.  18 U.S.C. § 3553(a) (2000 ed. and
> Supp. V).  In making that determination, the judge may
> consider the disparity between the Guidelines' treat-
> ment of crack and powder cocaine offenses.

552 U.S. ___, ___ (slip op., at 2).  This amazing holding squarely
overrules the central holding in United States v. Pho, 433 F.3d
53, 62-63 (1st Cir. 2006), in which the First Circuit held that a
sentencing court may not impose a sentence outside the Guidelines
range based on its disagreement with the crack/powder disparity.

    To be sure, Conce is not suggesting that a § 3582 motion is
appropriate whenever Circuit precedent is overruled.  Rather, he
is suggesting merely that the Supreme Court's evident displeasure with

the crack/powder disparity, along with the Court's reaffirmation of judicial discretion, should inform this Court on whether and to what extent it should exercise the broad discretion it possesses under § 3582, when the motion, as it is here, is properly before the Court on a Guidelines amendment.

In the final analysis, the only relevant question is whether this Court believes, in light of the sentencing policy shift, that the 262-month sentence Conce received is greater than necessary "(A) to reflect the seriousness of the offence, to promote respect for the law, and to provide just punishment for the offence; (B) to afford adequate deterrence to criminal conduct; (C) to protect the public from further crimes of the defendant; and (D) to provide the defendant with needed educational or vocational training, med-ical care, or other correctional treatment in the most effective manner." 18 U.S.C. § 3553(a)(2). Conce respectfully submits that the sentence is far greater than necessary to serve these sentencing objectives.

### III.

### Conclusion

The United States Sentencing Commission, Congress and the Supreme Court have spoken, and the message is perspicuous: For over twenty years crack offenders have, and in the vast majority of cases, been punished unfairly; the unfairness will no longer silently be countenanced; and positive change is finally afoot.

6

More importantly, the Supreme Court, through the Kimbrough case, has unequivocally declared that the District Court judge once again is at the pinnacle of the sentencing process. Justice Departmental fact bargaining and crazy relevant conduct Guidelines notwithstanding, judges, for the first time since 1987, really do have the last word. Judges judging — what a novel concept.

This Court, through Amendment 706 and 18 U.S.C. § 3582, has the power in this case to give effect to the pellucid clarion call for change with respect to the treatment of crack cocaine offences. The Court, in its astonishingly prescient and extraordinarily erudite Opinion in United States v. Green, 346 F.Supp.2d 259 (D.Mass. 2004), bemoaned the near total loss of discretion in the District Court Judiciary. Well, the Court's handcuffs have now been removed. It now has the power to correct a glaring injustice caused by the crack versus powder cocaine disparity without fear of reversal. (But of course after reading Green, this writer seriously doubts that this Honorable Court fears much of anything.)

At all events, this writer beseeches the Court to not let Juan Conce slip through the cracks and become simply a statistic of yet another minority spending nearly his whole life in the penitentiary for peddling a handful of rocks.

We can do so much better.

we should.

Justice commands it.

7

WHEREFORE, in light of the above, Conce prays that this motion will be granted and that his sentence will be reduced to a term of imprisonment sufficient, but not greater than necessary, to comply with the purposes set forth in § 3582(a)(2).

Respectfully submitted,

Juan Conce
Reg. No. 25117-038
U.S. Penitentiary Beaumont
P.O. Box 26030
Beaumont, Texas 77720

Movant, pro se

Date: 01-02-08

8