UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>v. )<br>)<br>JUAN CONCE, )<br>    a/k/a "KING SANTOS" )<br>)<br>    Defendant ) | CRIMINAL ACTION<br>NO. 04-10049-WGY |

ORDER

YOUNG, D.J.                                                           May 13, 2008

In June 2004, defendant Juan Conce ("Conce") pled guilty to a two-count indictment charging him with conspiracy to distribute cocaine base and distribution of cocaine base. This Court sentenced him to 262 months imprisonment followed by an eight-year term of supervised release.[1] In light of Amendment 706 to the United States Sentencing Guidelines, which reduced by two the offense level for most crimes involving cocaine base and has been designated as having retroactive effect by the United States Sentencing Commission, Conce now moves for a reduction of this sentence pursuant to 18 U.S.C. § 3582(c)(2). Motion for Modification of Imposed Term of Imprisonment [Doc. 46]. Because

---

[1] The Court announced Conce's sentence on November 2, 2005. While Conce's appeal was pending, the Supreme Court decided United States v. Booker, 543 U.S. 220 (2005). Because Conce and the government agreed remand was necessary for resentencing in light of Booker, the First Circuit Court of Appeals vacated Conce's sentence and returned the case to this Court on December 2, 2005. On February 23, 2006, this Court reimposed its original sentence of 262 months imprisonment.

Conce was sentenced as a career offender pursuant to the United States Sentencing Guidelines § 4B1.1, his motion must be denied.

In general, a court "may not modify a term of imprisonment once it has been imposed." 18 U.S.C. § 3582(c). A court, however, is authorized to reduce a sentence for a defendant "who has been sentenced to a term of imprisonment based on a sentencing range that has subsequently been lowered by the Sentencing Commission . . . if such a reduction is consistent with applicable policy statements issued by the Sentencing Commission," id. § 3582(c)(2), which are found in the Guidelines Manual. As relevant here, the Sentencing Commission has stated a "reduction in the defendant's term of imprisonment is not consistent with [its] policy statement and therefore is not authorized under 18 U.S.C. § 3582(c)(2) if [a retroactive amendment to the Sentencing Guidelines] does not have the effect of lowering the defendant's applicable guideline range." U.S.S.G. § 1B1.10(a)(2)(B) (effective March 3, 2008).

"The district courts of the United States . . . are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute." Exxon Mobil Corp. v. Allapattah Servs., Inc., 545 U.S. 546, 552 (2005) (quoting Kokkonen v. Guardian Life Ins. Co. of America, 511 U.S. 375, 377 (1994)). Accordingly, this Court must obey the statutory mandate of 18 U.S.C. § 3582(c)(2), which makes the jurisdiction of district courts to modify criminal sentences in circumstances like these contingent on adherence to the Commission's policies. Thus,

unless Amendment 706 lowers the Guideline range to which Conce is subject, this Court is without jurisdiction to entertain his motion.

Had Conce been sentenced under the provisions of section 2D1.1 of the Sentencing Guidelines, he would indeed appear eligible for a reduction in his sentence. Specifically, Conce pled guilty to crimes involving eleven grams of cocaine base. See, e.g., Sentencing Tr. at 3. At the time of Conce's sentencing in October 2004, section 2D1.1 prescribed a base offense level of 26 for this drug quantity. U.S.S.G. § 2D1.1(c) (2003). The Court granted Conce a three-level decrease for acceptance of responsibility, which results in an offense level of 23. Sentencing Tr. at 3. The Guidelines range for an individual like Conce with a criminal history category of VI for this offense level is 92 to 115 months imprisonment. U.S.S.G. § 5A (sentencing table). In the wake of Amendment 706, however, eleven grams of cocaine base invokes a base offense level of only 24. U.S.S.G. § 2D1.1(c) (2007). Making the same three-level reduction for acceptance of responsibility, a defendant with a criminal history category of VI today is subject to a Guidelines range of 77 to 96 months imprisonment. Id. § 5A.

Conce, however, ultimately was not sentenced pursuant to section 2D1.1. Rather, due to his two prior felony convictions, this Court sentenced Conce as a career offender pursuant to section 4B1.1. Sentencing Tr. at 3, 10. The statutory maximum sentence for Conce was life in prison due to the fact that the

3

government filed a notice of prior conviction pursuant to 21 U.S.C. § 851. 21 U.S.C. § 841(b)(1)(B). The career offender portion of the Guidelines thus prescribed a base offense level of 37. U.S.S.G. § 4B1.1(b) (2003). This Court then granted Conce a three-level reduction for acceptance of responsibility. Sentencing Tr. at 3. Conce therefore was subject, based on an offense level of 34 and a criminal history category of VI, to a Guidelines range of 262 to 372 months imprisonment. Sentencing Tr. at 10. Amendment 706 does not change this calculus. The base offense level under the career offender section of the Guidelines is determined by reference to the crime's statutory maximum sentence, <u>not</u> the base offense level for the crime prescribed elsewhere in the Guidelines. <u>See</u> U.S.S.G. § 4B1.1(b). Thus today, as in 2004, the sentencing range that applies to Conce, as a career offender, is 262 to 327 months imprisonment.

  Conce argues that the fact he was sentenced under the career offender provision of the Guidelines rather than pursuant to section 2D1.1 "does not undermine the Court's [section] 3582 jurisdiction [although] it might demand a heightened showing by Conce that the crack amendment is directly relevant to his case before this Court chooses to exercise its discretion." Motion for Modification of Imposed Term of Imprisonment at 3. Conce is incorrect. The plain language of section 3582(c)(2) grants a court jurisdiction to modify a sentence only when the sentencing range under which the defendant actually was sentenced is reduced by the Sentencing Commission. As discussed above, Amendment 706

did not decrease the sentencing range to which career offenders such as Conce are subject. This Court thus lacks jurisdiction to entertain his motion.

Accordingly, the Motion for Modification of Imposed Term of Imprisonment [Docket No. 46] is DENIED.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
DISTRICT JUDGE